**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4209**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES W. GEORGE, a/k/a "jimingoshen", a/k/a "me george",

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, Chief District Judge.  (3:08-cr-00024-JDB-DJJ-1)

Submitted:  October 15, 2009          Decided:  October 19, 2009

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant.   Sharon L. Potter, United States Attorney, David J. Perri, John C. Parr, Assistant United States Attorneys, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James W. George appeals his conviction by a jury and sentence on six counts of attempted transfer of obscenity to a minor, in violation of 18 U.S.C. § 1470 (2006). The district court sentenced George to thirty months' imprisonment on each count, to be served concurrently, and to three years of supervised release. George appeals, challenging the district court's providing the jury with a willful blindness instruction and its enhancement of George's sentence for obstruction of justice pursuant to U.S. Sentencing Guidelines Manual § 3C1.1 (2008). Finding no reversible error, we affirm.

The trial testimony demonstrated that Deputy Wesley Frame, working in an undercover capacity for the Hampshire County Sheriff's Office, assumed a fictitious online persona as a fourteen year-old deaf girl named Melissa Martin for the purpose of conducting online investigations into Internet-related child exploitation activities. George contacted Melissa via the internet and, in an instant message chat conversation that lasted over an hour, and after she stated that she was fourteen years old, George turned on a web cam so that Melissa could see him masturbating while he looked at her computer profile picture. George voluntarily transmitted similar live web-cam footage to Melissa on several other occasions and after she again told him she was a minor.

2

George testified at trial, denying any awareness that the person with whom he was corresponding was under the age of sixteen, and claiming he believed the person to be a gay man or an older woman engaged in fantasy role-play. The key issue at trial was whether George knew he was corresponding with a minor.

We review the decision of the district court to provide a particular jury charge for abuse of discretion. United States v. Abbas, 74 F.3d 506, 513 (4th Cir. 1996). The willful blindness instruction allows the jury to impute the element of knowledge of an illegal activity to the defendant, United States v. Schnabel, 939 F.2d 197, 203 (4th Cir. 1991), and is appropriate when the defendant claims lack of guilty knowledge in the face of evidence supporting an inference of deliberate ignorance. Abbas, 74 F.3d at 513.

Here, Melissa told George several times that she was fourteen years old and made references to age-appropriate life circumstances during the chat conversations. George expressed concern for and awareness of the legal risks involved in the conduct about which they chatted, including concern about someone finding evidence of their relationship on Melissa's computer and statements that they would have to wait until Melissa graduated high school for them to engage in direct sexual activity. On these facts, we find no abuse of discretion

in the district court's determination of the propriety of the willful blindness instruction.[*]

Nor do we find any error in the district court's enhancement of George's sentence for obstruction of justice given his denial, in the face of overwhelming evidence to the contrary, that he knew Melissa was under sixteen years of age. George's testimony was material, and fundamentally and irreconcilably at odds with both the verdict of the jury, which found him to lack credibility in his protestations of innocence, and with the wealth of evidence introduced at trial. The district court's conclusion that George perjured himself at trial, thus supporting the enhancement, was proper. See, e.g., United States v. Boesen, 541 F.3d 838, 852 (8th Cir. 2008) (upholding enhancement based on fundamental inconsistency between defendant's testimony and the jury verdict and evidence); United States v. Garcia, 994 F.2d 1499, 1509 (10th Cir. 1993) (same).

Accordingly, we affirm George's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

---

[*] George's assertion on appeal that the instruction is not appropriate where there is evidence that the defendant had actual knowledge of the age of the person to whom he sent the obscenity is without merit. See Abbas, 74 F.3d at 513; Schnabel, 939 F.2d at 203-04.

4

before the court and argument would not aid the decisional process.

AFFIRMED